Frank J. Tantone, Esq.
Bar No.: 289222019
BORRELLI & ASSOCIATES, P.L.L.C.
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel. No. (516) 248-5550
Fax. No. (516) 248-6027
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ADRIAN ANGEL and ADELAIDO ANGEL, on behalf of themselves, individually, and on behalf of all others similarly-situated, <br><br> Plaintiffs, <br><br> -against- <br><br> NOODLE TO NOODLE, as successor in interest to KAZUMI 73 INC d/b/a KAZUMI SUSHI KINGDOM, and WEI HUI LIN a/k/a STEVEN LIN, individually, and BRENDA ONG a/k/a BRENDA LIN, individually, <br><br> Defendants. | Civil Action No.: 20-cv-18790 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

ADRIAN ANGEL and ADELAIDO ANGEL (together as "Plaintiffs"), on behalf of themselves, individually, and on behalf of all others similarly-situated ("FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for their Complaint against NOODLE TO NOODLE, as successor in interest to KAZUMI 73 INC, which did business as KAZUMI SUSHI KINGDOM ("Kazumi"), and WEI HUI LIN a/k/a STEVEN LIN, individually ("Steven Lin"), and BRENDA ONG a/k/a BRENDA LIN, individually ("Brenda Lin"), (collectively as "Defendants"), allege

1

upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiffs' rights, collectively, guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A., 34:11-56a *et seq.*; (iv) the minimum wage provisions of the NJWHL, 34:11-56a *et seq.*; (v) the full payment provisions of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A., 34:11-4.2; and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff Adrian Angel worked for Defendants - - Kazumi, a Burlington County restaurant, which closed in or around November 2019 and now operates as Noodle to Noodle at the same location, and both entities' owners / day-to-day overseers - - as a non-managerial kitchen staff employee from mid-March 2016 through October 24, 2019. Similarly, Plaintiff Adelaido Angel worked for Defendants from October 2018 through October 24, 2019, in that same role.

3. As described below, throughout Plaintiffs' employment, Defendants willfully failed to pay Plaintiffs the wages lawfully due to them under the FLSA, the NJWHL, and the NJWPL. Specifically, throughout Plaintiffs' employment, Defendants routinely required Plaintiffs to work, and Plaintiffs did work, beyond forty hours in a workweek, but Defendants failed to compensate Plaintiffs at the statutorily-required overtime rate of one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours that they worked per week in excess of forty. Rather, Defendants paid Plaintiffs a flat weekly salary

that by operation of law compensated them for their first forty hours of work each week only, and therefore Defendants paid Plaintiffs nothing for their hours worked in excess of forty each week.

4. As also described below, during Plaintiffs Adelaido Angel's employment, Defendants violated the FLSA and the NJWHL by failing to pay him at least at the minimum wage rate for all hours worked. Additionally, at times during Plaintiff Adrian Angel's employment, Defendants violated the NJWHL by failing to pay him at least at the minimum wage rate for all hours worked.

5. Furthermore, throughout Plaintiffs' employment, Defendants failed to pay Plaintiffs the full amount of their wages owed on each payday, in violation of the NJWPL.

6. Defendants paid and treated all of their non-managerial kitchen staff employees in this same manner.

7. Accordingly, Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiffs brings their claims under the NJWHL and the NJWPL on behalf of themselves, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

8. Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable NJWHL and NJWPL limitations periods who suffered damages as a result of Defendants' violations of the NJWHL and the NJWPL.

**JURISDICTION AND VENUE**

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New Jersey law.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

11. At all relevant times herein, Plaintiffs worked for Defendants in New Jersey and were "employees" entitled to protection as defined by the FLSA, the NJWHL, and the NJWPL. At all times relevant herein, Defendant Kazumi 73 was and is a New Jersey corporation. From at least the beginning of either Plaintiff's employment until in or around November 2019, Kazumi operated a restaurant with a principal place of business located at 1134 Route 73, Mount Laurel Township, New Jersey 08054, which did business under the name Kazumi Sushi Kingdom.

12. In or around November 2019, after Plaintiffs' employment ended, Defendant Kazumi closed its restaurant and soon thereafter reopened as Defendant Noodle to Noodle at the same location. To that end, Noodle to Noodle also kept the same telephone number, continued to employ substantially the same work force, and used the same tools and equipment as Kazumi.

13. Regardless of which entity was operating the restaurant, Defendants Steven Lin and Brenda Lin, at all relevant times, oversaw and continue to oversee its daily operation, with both responsible for controlling the terms and conditions of employment for all of the restaurant's employees, including the power to hire and fire all employees, supervise and control employee work schedules, determine the rate and method of wages paid to all employees, and were and are

responsible for maintaining employment records. To that end, Defendant Brenda Lin personally hired Plaintiffs, while she and Defendant Steven Lin set Plaintiffs' rate of pay, determined their weekly schedule, and were responsible for maintaining their employment records.

14. At all relevant times herein, all Defendants were "employers" within the meaning of the FLSA, the NJWHL, and the NJWPL. Additionally, at all times relevant to the FLSA, Defendant Kazumi's qualifying annual business exceeded $500,000.00, and Kazumi was engaged in interstate commerce within the meaning of the FLSA, as it employed two or more employees, purchased and sold numerous products that moved across state lines, such as its menu items and other condiments, and accepted payments in cash that naturally moved across state lines, as well as credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendants to the FLSA's overtime and minimum wage requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiffs seek to bring this suit to recover from Defendants unpaid overtime and/or minimum wage compensation, and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants who during the applicable FLSA limitations period performed any work for Defendants as non-managerial kitchen staff workers, or in a similar position, and who consent to file a claim to recover damages for overtime compensation and/or minimum wages and liquidated damages that are legally due to them ("FLSA Plaintiffs").

16. Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section

below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid the required one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked per workweek in excess of forty; and/or (6) we not paid at least at the statutorily-required minimum rate of pay for all hours worked.

17. At all relevant times herein, Defendants are and have been aware of the requirements to pay Plaintiffs and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked each workweek beyond forty, and/or at least at the statutorily-required minimum rate of pay for all hours worked, yet they purposefully chose and continue to choose not to do so.

18. Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek beyond forty, and/or at least at the statutorily-required minimum rate of pay for all hours worked, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

19. In addition, Plaintiffs seek to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of themselves, individually, as well as on behalf of all those who are similarly-situated whom Defendants subjected to violations of the NJWHL and the NJWPL.

20. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

      c. Claims or defenses of the representatives are typical of the class;

      d. The representatives will fairly and adequately protect the class; and

      e. A class action is superior to other methods of adjudication.

21. Plaintiffs seek certification of the following FRCP 23 class:

> Current and former non-managerial employees of Defendants who during the applicable NJWHL and NJWPL limitations periods, performed any work for Defendants in New Jersey as kitchen staff workers, or in a similar position ("Rule 23 Plaintiffs").

*Numerosity*

22. At all times during the applicable statutory periods, Defendants have employed, in total, at least forty employees who are putative members of this class.

*Common Questions of Law and/or Fact*

23. There are common questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether the Rule 23 Plaintiffs worked in excess of forty hours in a week; (4) whether Defendants failed to pay the Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty in a week; (5) whether Defendants failed to pay the Rule 23 Plaintiffs at least at the statutorily-required minimum wage rate for all hours worked; (6) whether Defendants failed to pay the Rule 23 Plaintiffs their full wages for all hours worked in a workweek; (7) whether Defendants kept and maintained accurate records of hours worked by the Rule 23 Plaintiffs; (8) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (9) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (10) whether Defendants' actions with respect to the Rule 23

Plaintiffs were in violation of the NJWHL and the NJWPL; and (11) if so, what constitutes the proper measure of damages.

*Typicality of Claims and/or Defenses*

24. As described in the "Background Facts" section below, Defendants employed Plaintiffs and Rule 23 Plaintiffs within the meaning of the NJWHL and the NJWPL. Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as: (1) the Rule 23 Plaintiffs work and/or have worked for Defendants as non-managerial kitchen staff workers, or in other similar positions, in New Jersey; (2) Defendants did not properly pay them overtime at a rate of one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked in a week over forty; and/or pay them at least at the statutory minimum wage rate for all hours worked; and/or pay them their full wages in a timely manner; (3) Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NJWHL and/or the NJWPL to receive overtime wages at the statutorily-required rate of time and one-half their regular rates of pay, or one and one-half the minimum wage rate, if greater, for all hours worked each week over forty, to be paid at least at the statutory minimum wage rate for all hours worked, and to be their full wages for all hours worked on each payday; (4) Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NJWHL and the NJWPL; and (5) Plaintiffs and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendants' defenses to those claims.

8

*Adequacy*

25.     Plaintiffs, as described below, worked the same or similar hours and performed the same or substantially similar duties as the Rule 23 Plaintiffs throughout their employment with Defendants.  Defendants did not pay Plaintiffs overtime at a rate of time and one-half their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all of their hours worked over forty in a week, did not pay Plaintiffs at least at the minimum wage rate for all hours worked, and did not pay Plaintiffs their full wages on each payday, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.  Plaintiffs fully anticipate providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that may be raised in Defendants' Answer.  Thus, Plaintiffs would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

26.     Additionally, Plaintiffs' counsel has substantial experience in this field of law.

*Superiority*

27.     Plaintiffs have no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants treated Plaintiffs similarly, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

28.     Any lawsuit brought by any non-managerial kitchen staff employee, or person working in another similar position, for Defendants would be identical to a suit brought by any other similar employee for the same violations as alleged herein.  Thus, separate litigation would risk inconsistent results.

29. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

30. From at least March 2016 until November 2019, Defendant Kazumi operated a restaurant primarily serving ramen noodle-based dishes and other Asian cuisine located at 1134 Route 73, in Mount Laurel Township, New Jersey.

31. In November 2019, Kazumi closed its restaurant and soon thereafter reopened as Noodle to Noodle at the same location and began operating a restaurant identical to Kazumi's.

32. To that end, Defendant Noodle to Noodle also kept the same telephone number, employed substantially the same work force - - both laborers and management - - and used the same equipment as Defendant Kazumi.

33. Regardless of whether the restaurant was operating as Defendant Kazumi or Defendant Noodle to Noodle, Defendants Steven Lin and Brenda Lin oversaw the restaurant's daily operations by, among other things, controlling the terms and conditions of employment for all of the restaurant's employees, supervising all employees, and maintaining all employment records.

34. In March 2016, Defendant Brenda Lin hired Plaintiff Adrian Angel, on behalf of Defendant Kazumi, to work at their restaurant, where he worked as a non-managerial kitchen staff worker until October 24, 2019. As a kitchen staff worker, Adrian Angel's job duties consisted of preparing ingredients for cooking food, washing dishes, and maintaining the cleanliness of the kitchen.

35. In October 2018, Defendant Brenda Lin hired Plaintiff Adelaido Angel, who is Adrian Angel's cousin, on behalf of Defendant Kazumi, to work at their restaurant, where he too

worked as a non-managerial kitchen staff worker until October 24, 2019, performing the same duties as Adrian Angel.

*Plaintiffs' Hours While Working for Defendants*

36. Throughout Plaintiffs' respective employment periods, Defendants required both Plaintiffs to work, and both Plaintiffs did work, the following schedule for six days each week for a total of sixty-eight hours per week:

> (1) from 11:00 a.m. to 10:00 p.m., Sunday, without any uninterrupted break;
>
> (2) from 11:00 a.m. to 10:00 p.m., Monday, Tuesday, Wednesday, and/or Thursday, with one rotating day off each week, without any uninterrupted break; and
>
> (3) from 11:00 a.m. to 11:00 p.m., Friday and Saturday, without any uninterrupted break.

37. By way of example only, during the week of September 22 through September 28, 2019, Defendants required both Plaintiffs to work, and both Plaintiffs did work, a total of sixty-eight hours according to the following schedule, without any uninterrupted break each day:

> Sunday, June 21, 2019: 11:00 a.m. to 10:00 p.m.;
>
> Monday June 22, 2019: 11:00 a.m. to 10:00 p.m.;
>
> Tuesday, June 23, 2019: Off;
>
> Wednesday, June 24, 2019: 11:00 a.m. to 10:00 p.m.;
>
> Thursday, June 25, 2019: 11:00 a.m. to 10:00 p.m.;
>
> Friday, June 26, 2019: 11:00 a.m. to 11:00 p.m.; and
>
> Saturday, June 27, 2019: 11:00 a.m. to 11:00 p.m.

*Plaintiffs' Pay While Working for Defendants*

38.     Throughout Plaintiffs' employment, Defendants paid Plaintiffs a flat weekly salary in cash as follows:

        (1) Plaintiff Adrian Angel: $550.00 per week; and

        (2) Plaintiff Adelaido Angel: $480.00 per week.

39.     Plaintiffs' respective salaries, at all times, operated to cover only their first forty hours worked in a week. Thus, at no time during Plaintiffs' employment - - including during the week of September 22, 2019, as detailed above - - did Defendants pay Plaintiffs at any rate of pay, let alone at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for any hours that they worked over forty in a week.

40.     Additionally, Defendants failed to pay both Plaintiffs at least at the minimum wage rate required by the NJWHL for all hours worked, and also failed to pay Adelaido Angel at least at the FLSA's minimum wage rate for all hours worked.

*Defendants Similarly Mistreated All Other Plaintiffs*

41.     Defendants treated Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

42.     Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

43.     Each hour that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

44.     Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

12

45. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

46. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

47. As also described above, Plaintiffs and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

48. Defendants willfully violated the FLSA.

49. Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

50. Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the FLSA*

51. Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

53. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff Adelaido Angel and FLSA Plaintiffs are employees within the meaning of the FLSA.

54. As also described above, Defendants failed to compensate Plaintiff Adelaido Angel and FLSA Plaintiffs in accordance with the FLSA's minimum wage provisions.

55. Defendants willfully violated the FLSA.

56. At the least, Plaintiff Adelaido Angel and FLSA Plaintiffs are entitled to pay at the minimum wage rate for all hours worked each week.

57. Plaintiff Adelaido Angel and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the NJWHL*

58. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. NJWHL §§ 34:11-56a *et seq.* requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

60. As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NJWHL.

61. As also described above, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NJWHL's overtime provisions.

62. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to their overtime pay for all hours worked each week in excess of forty at the rate of one

and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

63. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, treble damages, interest, and attorneys' fees for Defendants' violations of the NJWHL's overtime provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the NJWHL*

64. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. NJWHL §§ 34:11-56a *et seq*. prescribes a minimum wage that employers must pay to their employees for each hour worked.

66. As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NJWHL.

67. As also described above, Defendants failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in accordance with the NJWHL's minimum wage provisions.

68. At the least, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to pay at the minimum wage rate for all hours worked each week.

69. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, treble damages, interest, and attorneys' fees for Defendants' violations of the NJWHL's minimum wage provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Full Wages Owed in Violation of the NJWPL*

70. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71. NJWPL § 34:11-4.2 requires employers to pay the full amount of wages due to employees at least twice during each calendar month, on regular paydays that are designated in advance by the employer.

72. As described above, Defendants are employers within the meaning of the NJWPL, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NJWPL.

73. As also described above, Defendants failed to pay Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, the full amount of wages due to them each pay period.

74. At the least, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to the difference between the wages that Defendants paid to them and the wages to which they are entitled but for which Defendants did not compensate them.

75. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, treble damages, interest, and attorneys' fees for Defendants' violations of the NJWPL's full payment provisions.

## DEMAND FOR A JURY TRIAL

76. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New Jersey State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An Order restraining Defendants from any retaliation against Plaintiffs, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NJWHL and the NJWPL as a class action pursuant to FRCP 23;

f. All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

  g. Liquidated damages, treble damages, and any other statutory penalties as recoverable under the FLSA, the NJWHL, and the NJWPL;

  h. Granting an award for punitive damages, as provided by law;

  i. Designation of Plaintiffs and their counsel as collective and class action representative under the FLSA and the FRCP;

  j. Awarding Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

  k. Pre-judgment and post-judgment interest, as provided by law; and

  l. Granting Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
   December 11, 2020

            Respectfully submitted,

            BORRELLI & ASSOCIATES, P.L.L.C.
            *Attorneys for Plaintiffs*
            910 Franklin Avenue, Suite 200
            Garden City, New York 11530
            Tel. No. (516) 248-5550
            Fax No. (518) 248-6027

        By: */s/Frank J. Tantone*
           FRANK J. TANTONE, ESQ. (289222019)